[No. 5,912.]

## BEHRMAN v. BARTO.

LEASE — COVENANT TO RENEW — FORFEITURE — LANDLORD AND TENANT. —
Payment of rent when it becomes due, and performance of other covenants of a lease, under which a tenant is in possession of leased premises, with the privilege of renewing the lease at the end of the term, are conditions precedent to the exercise of the right of renewal.

APPEAL from a judgment for the defendant, and from an order denying a new trial, in the County Court of San Francisco. WRIGHT, J.

Action for the unlawful detainer of leased premises after the expiration of the term. The lease, under which the defendant had held, was for the term of ten years, from April 8th, 1867, at the annual rent of $400, payable quarterly, on the 1st day of July, October, January, and April, of each year; and contained covenants on the part of the party of the second part to pay the rent, and all taxes and assessments; and on the part of the party of the first part, that he would "pay to the party of the second part, or his assigns, at the end of said ten years, the then value of all the improvements on said premises—said party not being in default in the performance of any of the covenants or agreements herein contained"; and that the said party of the second part should have the privilege, at the end of said ten years, if not so in default, to extend the lease on the same terms and conditions for a further period of five years.

During the term, five houses were built by the lessee or his assigns upon the property.

On the 1st day of April, 1877, on which day the last installment of rent became due, there was due to the plaintiff, on the rent, $20, being the balance due after deducting $80, which the plaintiff owed defendant. This amount the defendant sent to plaintiff's house twice, on April 4th, and again on April 5th; but the plaintiff was absent, and his wife declined to receive it. On April 9th, the amount was tendered to the plaintiff in person, but he declined to receive it; on the ground that it had not been paid on the 1st of April. The defendant again on the 11th, after having been served with a demand for possession, tendered the amount due for rent.

It also appeared that there was a judgment against the land for $11.09, for an assessment under the Act of April 3rd, 1876, "to change and modify the grade, etc., of Montgomery Avenue," etc.

*James B. Townsend*, for Appellant.

The defendant was in default as to payment of rent and as to payment of an assessment. The payment of both at the time they became due, were *conditions precedent* to the *power*

to exercise the "privilege" of extending the lease. (*Porter* v. *Shephard*, 6 T. R. 663, 665; *Friar* v. *Grey*, 5 E. L. & Eq. 485, 487; Coke on Litt. p. 218; Code Civ. Proc. §§ 707, 708; ? *Van Horne's Lessee* v. *Dorrance*, 2 Dall. 317; 1 Atk. 374, 376; *Harney* v. *Aston*, 2 Comyn's Rep. 732, 734; *Mizell* v. *Burnett*, 4 Jones, (N. C.) 249; *Mathinet* v. *Giddings*, 10 Ohio, 365; *Porter* v. *Stewart*, 2 Aiken, 424; *Burlington* v. *Boestler*, 15 Iowa, 555.) Time was here of the essence of the contract, (*Shinn* v. *Roberts*, 1 Spenc. 446; *Clemens* v. *Murphy*, 40 Mo. 121; *McFadden* v. *McCann*, 25 Iowa, 252; *Beebe* v. *Johnson*, 19 Wend. 500; *Hanniford* v. *Fisher*, Wright, 580.) The defendant was bound to perform *at his peril.* ( *Whitton* v. *Whitton*, 38 N. H. 136; *Fulton* v. *House*, 6 Smedes & M. 410; *Clough* v. *Hoffman*, 5 Wend. 500; Code Civ. Proc. § 820; *Campbell* v. *French*, 6 T. R. 212.)

*L. Quint*, for Respondent.

The lease, construed in connection with the facts appearing on the trial, created a *continuing term*, extending beyond the 9th day of April, 1877, when the ten years mentioned in the instrument expired. (*Dolese* v. *Barberot*, 9 La. An. 352; *Meni* v. *Rathbone*, 21 Ind. 454; *Hooff* v. *Ladd*, 1 Cranch C. C. 167; *Hawkins* v. *Pope*, 10 Ala. 493; *Bacon* v. *Brown*, 9 Conn. 334; *Despard* v. *Walbridge*, 15 N. Y. 374; *People* v. *Swayze*, 15 Abb. Pr. 432; *Ranlet* v. *Cook*, 44 N. H. 512.) No formal election or notice was necessary to the continuance of the lease. (*Kramer* v. *Cook*, 7 Gray, 550; *Kelso* v. *Kelly*, 1 Daly, 419.) The tenders were sufficient, (Code Civ. Proc. § 1942)—time not having been made the essence of the contract. (Code Civ. Proc. § 1442.) If the payment were to be construed as a condition precedent, the defendant would be entitled to relief from a forfeiture. (*Baxter* v. *Lansing*, 7 Paige, 350; *Haskell* v. *Alcock*, 1 Call, 535; *Skinner* v. *Dayton*, 2 John. Ch. R.) But the clause of the lease is a *covenant*, and not a condition working forfeiture. (Taylor's Land & Ten. §§ 277–8; Platt on Covenants, p. 95–96, 171; Parsons on Cont. 6th ed. pp. 529–33; *Dawson* v. *Dyer*, 5 Barn. & Ad. 587; *Boone* v. *Eyer*. 1 H.

Black. 373 ; *Wilkinson* v. *Petit*, 47 Barb. 230 ; *Paschall* v. *Passmore*, 15 Penn. St. 295 ; *Stavers* v. *Curling et al.* 3 Bing. N. C. 368 ; *Hayden* v. *Inhabitants of Stoughton*, 5 Pick. 528 ; *Grant* v. *Johnson*, 5 Barb. 161 ; *Newson* v. *Smythies*, 3 Hurl. & N. 480 ; *Carpenter's Assignee* v. *Cresswell*, 4 Bing. 411 ; *Palethorp* v. *Boegner*, 52 Penn. St. 149.) Plaintiff should have requested the defendant to pay the assessment. (*Meni* v. *Rathbone*, 21 Ind. 454.) The assessment itself was void. The record shows that it comes within the late decision of this Court in the *Matter of Montgomery Avenue*, 54 Cal.

Department No. 1, McKEE, J. :

Payment of rent when it becomes due, and performance of other covenants of a lease, under which a tenant is in possession of leased premises with the privilege of renewing the lease at the end of the term, are conditions precedent to the exercise of the right of renewal. When, therefore, the defendant in this action, as tenant under the lease from the plaintiff, made default in payment of the last installment of rent at the time it became due, and failed to perform the covenants of the lease as to payment of taxes and assessment liens, her possession of the leased premises, after the expiration of the term, did not operate as notice to plaintiff that she had elected to continue the term, nor did it work a renewal of the lease ; for her right to renew depended upon the performance by her of her covenants in the lease.

Judgment and order reversed, and cause remanded.

MORRISON, C. J., and ROSS, J., concurred.