BURGE v. PURSER.*

[106 So. 770. No. 25269.]

(Division A.     Jan. 4, 1926.     Suggestion of Error Overruled Feb. 1, 1926.)

LANDLORD AND TENANT. *To exercise right to renew, lessee held required before expiration thereof to give notice and tender notes for rent.*

Where a lease of real property for one year at a monthly rental payable in advance recites that the lessee has delivered to the lessor his promissory notes for each of the monthly payments and grants to the lessee the privilege of renewing the lease for a period of four years after its expiration at the same rent as stipulated for therein, the lessee in order to avail himself of the right to renew must, before the expiration of the lease, notify the lessor that he desires to renew it and tender to him his promissory notes for the rent to be paid each month.

*Corpus Juris-Cyc. References: Landlord and Tenant, 35 C. J., p. 1019, n. 34 New, 38.

APPEAL from chancery court of Hinds county, first district.

HON. V. J. STRICKER, Chancellor.

Suit by C. D. Purser against H. T. Burge for an injunction. From judgment for complainant, defendant appeals. Reversed, and bill dismissed.

*J. A. Teat,* for appellant.

If the complainant was afforded any right under the instrument in question, it was that of making a new lease and new notes. It devolved upon the complainant if he desired to avail himself of the benefits of the option to have prepared a new lease with the usual terms and to have prepared the monthly notes, duly endorsed with the proper sureties, or comakers, and tendered it to Burge during the life of the lease, so as to guarantee the payment of the said rent for each and every month during the said four years. This Purser did not do, although often requested to define his position and assert his option if he so desired. *Morton* v. *Varnado,* 90 So. 77, 127 Miss. 332; *McAllister* v. *Moye,* 30 Miss. 258; *Echford* v. *Halbert,* 30 Miss. 273; *Klyce* v. *Broyles,* 37 Miss. 524; *Mhoon* v. *Wilkerson,* 47 Miss. 633; *Nolan* v. *Snodgrass,* 70 Miss. 794, 12 So. 583; *Collier* v. *White,* 67 Miss. 133, 6 So. 618; *Philip* v. *Dana,* 121 Miss. 697, 83 So. 745.

*R. H.* and *J. H. Thompson,* for appellee.

"In the absence of a specific provision in a lease fixing the time for exercise of an election to renew, the option continues during the whole of the original term, or tenancy." 24 Cyc. 999.; *Darling* v. *Hoban,* 53 Mich. 599, 19 N. W. 545; *McClintock* v. *Joyner,* 77 Miss. 678, 27 So. 837, 78 Am. St. Rep. 541.

It will be recalled in this case that the complainant, Mr. Purser, from the very first advised the landlord, Mr. Burge, that he intended to exercise his option and hold

the property four years longer. See *Cook* v. *Jones*, 96 Ky. 283, 28 S. W. 960; *Hegan Mantel Co.* v. *Cook*, 57 S. W. 929, 22 Ky. Law Rep. 427. See also R. C. L., page 887; *Henry S. Orr. et al.* v. *Doubleday, Page & Co.*, 223 N. Y. 334, 119 N. E. 552; *Keith* v. *McGregor*, 163 Ark. 203, 259 S. W. 725.

The cases cited are conclusive on the question in the instant case and the complainant is now vested with the right to occupy the premises for a period of four years from and after July 1, 1925, and he cannot be deprived of the exercise of this right and the possession of the premises as long as he pays, monthly in advance, a rental of eighty-five dollars. 18 Cyc., page 685.

Argued orally by *J. A. Teat,* for appellant, and *J. H. Thompson,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The appellee leased from the appellant for a period of one year a filling station located on property owned by the appellant. The lease was in writing and sets forth, among other things, that—"The party of the first part agrees to rent to the party of the second part the filling station located on the lot of H. T. Burge for a period of twelve months beginning July 1, 1924, and ending July 1, 1925, at a monthly rental of eighty-five dollars per month payable in advance, with the exception of January and February, which is to be rented for the sum of fifty dollars per month, payable in advance, and the party of the second part has delivered to the party of the first part twelve rent notes, ten of which are for eighty-five dollars per month and two for fifty dollars per month. It is understood and agreed that should the party of the second part fail to pay any note when due, the party of the first part shall have lawful right to take possession of said filling station without any further notice from the party of the first part to the party of the

second part, but it will in no way affect the right of the party of the first part to collect all unpaid notes.''

Below the signatures to the lease is the following unsigned memorandum:

''Party of the second part has the privilege of releasing said filling station for a period of four years after the expiration of this lease with the exception of January and February rent, rent will be the same as all other months as stated above.''

Prior to the expiration of the year for which the property was leased, the appellee notified the appellant, in writing, that he would exercise his option to release the property, but did not tender to the appellee his promissory notes for the rent to be paid by him each month. The appellant declined to permit the appellee to remain on the property after the expiration of the year for which it had been leased, and was proceeding to lease it to another when appellee sued out a writ of injunction in the court below on an original bill setting up the appellant's claim to the right under the lease of remaining on the property for four years. No offer was made in this bill by the appellee to execute and deliver to the appellant his notes for the rent to be paid by him each month. He did offer by an amendment to the bill to pay the rent monthly in advance. On final hearing the injunction was made perpetual on condition that the complainant ''pay to him on or before the first day of each and every month during said period of time the sum of eighty-five dollars monthly rental in advance.''

Assuming the validity of the stipulation for the renewal of the lease and that the appellee had the right thereunder claimed by him to release the property upon the same terms and conditions set forth in the original lease, it was necessary for him, in order to avail himself of that right, not only to notify the appellant that he intended to release the property, but also to tender the appellant his promissory notes for the rent to be paid

by him each month, and since he failed to do this, the appellant was not in default in declining to release the property to him.

*Reversed, and bill dismissed.*