(125 So. 804)
### GULF ELECTRIC CO. v. FRIED.
### (1 Div. 552.)

Supreme Court of Alabama. Jan. 23, 1930.

Inge, Stallworth & Inge, of Mobile, for appellant.

Smith & Johnston, of Mobile, for appellee.

SAYRE, J. This case was here on a former appeal in the report of which may be found a statement of the alleged cause of action. 218 Ala. 684, 119 So. 685. Plaintiff Gulf Electric Company brought its action against appellee April 9, 1927. The dissenting opinion of Thomas, J., 218 Ala., sufficiently states the proceedings in the cause down to and including the final judgment of date February 4, 1928, and this appellant's first appeal, February 17, 1928. On February 2, 1929, this court reversed the judgment which had been rendered against appellant and remanded the cause. February 16, 1929, appellant. moved the court to allow an amendment of its complaint by striking out the Gulf Electric Company. as plaintiff and by substituting in lieu thereof the "Alabama Power Company, a corporation, as successor by consolidation of the Alabama Power Company, a corporation, with the Gulf Electric Company, a corporation," and in connection therewith placed in evidence the agreement, of date November 10, 1927, for consolidation entered into by Alabama Power Company, Gulf Electric Company, and Houston Power Company, by which they assumed the corporate name Alabama Power Company, and further provided, among other things, that the consolidated corporation should "possess all and singular the rights, privileges, powers," etc., of the several consolidating. companies, "and all other things in action belonging to" the several companies, "and suits and proceedings heretofore instituted by Alabama Power Company, Gulf Electric Company; or Houston Power Company and now pending shall not be abated or otherwise in any manner affected by this 'consolidation but the same shall, together with all rights and privileges thereof pass, to and be vested in the consolidated corporation as if originally instituted by it and may be revived in its name when and as necessary." Appellant's motion to amend was denied, and appellant duly excepted.

Appellee places store by the decisions in Nelson v. Hubbard, 96 Ala. 238, 11 So. 428, 430, 17 L. R. A. 375, and Alabama, T. & N. Ry. v. Tolman, 200 Ala. 449, 76 So. 381, 384. In the first-named case the court said: "The dissolution of a corporation works an abatement of suits then pending against it, and presents an insuperable impediment to the institution of new suits against it, unless some clear statutory provision prevents the termination of its existence, for the purposes of its organization, from having this effect." The language of the case named in the second place is: "The consolidation of corporations, under statutes like ours, effects the dissolution of the original bodies, except for certain purposes specified, and the creation of a new one, which derives its rights and powers by virtue of the statutes of the state, and likewise its duties and liabilities; all such liabilities and powers being the same as those possessed by, or imposed upon, the former corporations." We understand the argument to intend that the statute and the decisions referred to provide for the continuity of the right—limiting our words to the necessities of this case—but they do not provide for the continuity of an action brought for the assertion of the right, or, to state the proposition in another way, the merger and consolidation of the three corporations worked an abatement of the then pending action, and thus brought into action section 5715 of the Code, where it is provided that, if the cause of action survive or continue, the action, on motion, within twelve months after its abatement by the death or other disability of the plaintiff, .must, on motion, be revived in the name of the legal representative of the original plaintiff.

466

We have quoted the relevant parts of the merger or consolidation agreement. If that agreement were operative according to the full purport of its terms, there was no abatement. But the statute relating to the rights, privileges, powers, franchises, and property vested in consolidated or merger corporations must be taken into account, and if it worked abatement of the then pending action, the agreement was, of no effect to the contrary.

The statute is section 7041 of the Code, which we quote in relevant part:

"Upon the consummation of such merger or consolidation, all and singular, the rights, privileges, powers, franchises * * * and all debts due on any account * * * and all other things in action belonging to each of the said several corporations shall be vested in the consolidated corporation. * * *" Our judgment of the effect of the statute is that so far as concerns the right of action asserted in the complaint there has been no dissolution of any of the merging or consolidating corporations, and that, as for matters arising prior to the merger or consolidation, appellant, and each of the merging corporations, may continue to deal with such matters, by and through the agency of the consolidated corporation, as if there had been no merger or consolidation. The statute has been enacted to obviate the loss of property and contract rights brought about by the rule of the common law which was that pending actions by or against a corporation were abated by its dissolution even though accomplished by merger or consolidation. As to the rights within the protection of the statute there is no abatement. A like continuance of corporate life for a term of five years in the case of corporations whose charters expire by limitation, or are dissolved by forfeiture, or by any other cause, except by judicial decree, for the purpose of prosecuting or defending suits, among other things, is provided by section 7069 of the Code. The effect of the statute concerning merger or consolidation, so far as concerns this case, is to provide for the survival of the original plaintiff corporation, to permit its change of name for the purposes of the suit, and so to prevent an abatement thereof and to obviate any necessity or occasion for a revivor. Appellant's offer to amend, so far as concerns the question now in hand, was tantamount to an offer to continue the suit in the name of the consolidated corporation and in that name enforce the rights reserved to the original plaintiff by the statute. The amendment should have been allowed. Whether or not the consolidated plaintiff corporation might not have been allowed further to prosecute the suit in the name of the original plaintiff, thus also serving every purpose of the proposed amendment, is a question not presented by the record. It may be that the difference between the two procedures is a difference in form only. The amendment should have been allowed. Its denial was error.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.