199 So. 849

**SHELL PETROLEUM CORPORATION et al. v. GOWAN et al.**

3 Div. 330.

Supreme Court of Alabama.

Jan. 23, 1941.

Leon G. Brooks, of Brewton, Wm. F. Kenney, of St. Louis, Mo., and John L. Beauchamp, Jr., of New York City, for appellants.

498

Hamilton & Jones, of Evergreen, and D. M. Powell, of Greenville, for appellees.

BROWN, Justice.

This bill is by the landlord, lessor, against the lessee for a term of years, and his sublessee seeking discovery, accounting and relief. The specific relief prayed is a rescission and cancellation of the lease, which gives the lessee the right to renew at the end of the term on giving 30 days previous notice.

The subject matter of the lease is filling station property, the term of the lease is five years commencing August 15, 1935, and terminating August 14, 1940, for an annual rental of $420, payable monthly in advance, with ·option to renew for an additional term of five years for a rental of $600 per year plus one cent (1¢) per gallon additional rent on all gallonage sold in excess of five thousand (5,000) per month.

Paragraph 4 of the lease is in the following words: "Lessee further agrees to pay the Lessor as additional rent for said premises a sum of money equal in amount to One Cent (1¢) per gallon on all gasoline sold on said premises in excess of thirty five hundred gallons (3500) per month."

The bill avers, in short, that the respondent lessee, upon whom complainant was compelled to rely for information as to the gallonage of gasoline sold during the current term, has systematically and fraudulently concealed from the complainants the gallonage sold from said station and has fraudulently withheld the payment of considerable sums due complainants on such excess gallonage sales.

The defendants demurred to the bill as a whole on the grounds:. "There is no equity in the bill," and "The Complainants have an adequate remedy at law."

 The respondents also demurred to the aspect of the bill seeking rescission and cancellation, on the following grounds:

"1-a. It affirmatively appears from the allegations of the bill of complaint that the complainants are not entitled to a cancellation of said lease.

"2-a. The facts alleged will not justify the entry of a decree cancelling said lease and putting the complainants into possession of the leased premises.

"3-a. No acts or conduct of the respondent, Shell Petroleum Corporation are alleged upon which to predicate a cancellation of said lease.

"4-a. The allegations of the bill affirmatively show that there has been no forfeiture of said lease or of the rights and privileges of the respondents thereunder."

These several grounds combined amount to nothing more than the general demurrer for want of equity. They do not point out any specific defects in the averments as required by the statute. Code 1923, §§ 6553, 9479; Louisville & N. R. R. Co. v. Cowley et al., 164 Ala. 331, 50 So. 1015.

The general equity of the bill is not questioned by the assignments of error which are limited to "overruling the demurrer of the defendants addressed to those aspects of the bill of complaint as amended which seek a cancellation of the lease agreement between the complainants and the respondent," and to the paragraphs of the bill which relate to that aspect.

The bill as amended shows that the original term of the lease has expired, and the complainants pray that the option to renew for an additional term be cancelled.

While it is well settled that a mere breach of the covenant in a lease to pay rent does not work a forfeiture or justify a rescission, 16 R.C.L. 1126, § 647, nevertheless it is also well settled that courts of equity have jurisdiction to decree rescission for vitiating fraud. 12 C.J.S., Cancellation of Instruments, p. 982, § 29.

And we are of opinion that if the lessee systematically and fraudulently made deceitful misrepresentations in respect to the gallonage sold from said filling station, or fraudulently withheld the payment of the true amounts due under the lease for the first term, complainants, on equitable principles, should be relieved from the obligation to renew for another term, and that the option in the lease for such renewal should be cancelled.

On general demurrer for want of equity the averments of the bill will be taken as true, and amendable defects apparent on the face of the bill will be treated as amended. McDuffie et al. v. Lynchburg Shoe Co. et al., 178 Ala. 268, 59 So. 567.

The decree overruling the demurrer is due to be affirmed and it is so ordered.

Affirmed.

GARDNER, C. J., and THOMAS and KNIGHT, JJ., concur.