52 So.2d 211

**DARLING SHOP OF BIRMINGHAM, Inc., et al. v. NELSON REALTY CO., Inc., et al.**

**6 Div. 128.**

Supreme Court of Alabama.
March 15, 1951.

Rehearing Denied May 10, 1951.

Cabaniss & Johnston, Meade Whitaker and K. E. Cooper, all of Birmingham, for appellants.

Leader, Tenenbaum, Perrine & Swedlaw and Kenneth Perrine, all of Birmingham, for appellees.

STAKELY, Justice.

On March 10, 1943 a lease was executed by and between Nelson Realty Co. Inc., a corp., as lessor (one of the appellees), and The Darling Shop of Birmingham, Inc., a corp. (one of the appellants) as lessee, covering premises located at the northwest corner of 18th Street and Third Avenue in Birmingham, Alabama, known as The Darling Shop. The obligations of the tenant under the lease were guaranteed by The Darling Stores, Inc., a corporation (the other appellant).

The lease ran for a period of six years for a term beginning on the first day of February, 1943 and ending on the 31st day of January, 1949. The lease contains the following renewal clause: "Twenty-ninth: The Tenant shall have the option to renew this lease for a further term of five (5) years upon the same terms and conditions, except that the annual minimum rental during such additional term shall be the sum of Thirty Thousand ($30,000) Dollars per annum, payable in installments on the first day of each and every month of said term in the sum of Two Thousand Five Hundred ($2,500) Dollars. Such option of renewal shall be exercised by notice in writing by registered mail addressed to the Landlord on or before August 1st, 1948."

The agreed rental was to be six per cent of the gross sales called overage rental, payable annually, with a fixed minimum sum payable monthly.

The case comes here on appeal from a decree of the equity court overruling demurrers to appellees' cross-bill. The cross-bill seeks to have the court declare a forfeiture of the tenant's right of renewal as contained in the lease.

The present litigation began with an original bill for a declaratory judgment filed by appellants seeking an interpretation of paragraphs 25th and 26th which provide for contribution by the landlord toward the cost of alterations and improvements according to a formula. A copy of the lease is attached to the original bill and made a part thereof. The bill for a declaratory judgment was filed on June 11, 1948. On July 23, 1948 the tenant gave the landlord written notice of its election to renew the lease as of February 1st, 1949 for a further term of five years. Nelson Realty Co., Inc., the landlord, by way of reply declared the renewal option forfeited for various alleged defaults on the part of the tenant and thereafter filed the cross-bill in this case seeking to have the renewal right declared forfeited and the lease terminated as of the expiration of the original term viz., January 31, 1949.

In the fourth paragraph of the lease, for the purpose of ascertaining the amount of percentage rentals payable under the lease, the tenant covenants that it will keep records which shall show the daily sales made by the tenant in, on or from the demised premises and further agrees to deliver to the landlord statements of the total sales for each annual period of the term of the lease. In this connection the tenant represents that it maintains a system by which is recorded the receipts from all sales and covenants that it will keep the record of such sales on file for a period of not less than three months following the date upon which it delivers to the landlord a statement of its gross annual sales at the end of each lease year. Paragraph four also provides that the landlord or its representative shall have access to the books, records, accounts and reports of gross sales made upon the premises and will permit inspection by the landlord and also permit the landlord to have an audit made by accountants appointed by the landlord at its own expense.

The following are the allegations in the cross-bill as warranting forfeiture of the right of renewal: "10 (a). Respondent avers that The Darling Shop, Inc., of Birmingham, has violated the covenants of the lease as to the payment of rent on the dates required in said lease and has violated the covenants of the lease in failing to give the reports as required in said lease duly authenticated by the officers on the dates required in said lease and that such acts or failure to act on behalf of The Darling Shop of Birmingham, Inc., was made with such frequency as to make it a general course of conduct. Respondent avers that it has considered that complainant has forfeited its right to renewal of the lease under the terms and conditions thereof and that the tenancy of the complainant is terminated at the expiration of the present term on to-wit, January 31, 1949. Respondent avers that it did notify the complainant that the term of its lease did expire on said date by registered letter dated July 30, 1948, a copy of which is hereto attached and marked Exhibit '1' and made a part hereof as fully as if set out herein."

By amendment Nelson Realty Co. Inc. sought to set up as additional grounds of forfeiture of the right of renewal alleged breaches by the tenant of various parol agreements claimed to have been made at or prior to the execution of the lease and also certain charges of fraud arising therefrom.

In the decree from which this appeal was taken the court sustained demurrers to these aspects of the cross-bill set forth in the amendment. Accordingly these matters are not before the court on this appeal.

By further amendment there was added to the cross-bill a prayer seeking a money judgment for rent accruing subsequent to January 31, 1949, the basis being the alleged unlawful holding over after the expiration of the lease.

Subsequent to the filing of the original cross-bill and subsequent to the expiration of the term of the original lease Frank Nelson, Jr., his sister Margaret Nelson DeBardeleben and their mother Mrs. Olive L. Nelson, the principal beneficial owners of the leased premises and other real property in the City of Birmingham, determined upon a division of their holdings. An agree-

ment was accordingly entered into on August 27, 1949 between the various interested parties including Nelson Realty Co. Inc., a corporation, Frank Nelson Estates, Inc., a corporation, and the foregoing individuals. This agreement provided for a conveyance by Nelson Realty Company Inc. to its parent company Frank Nelson Estates Inc. of the leased premises and the dissolution and liquidation of the Nelson Realty Company Inc.

It was also agreed that Frank Nelson, Jr. would be given an option to purchase the leased premises at a fixed price which option he exercised on October 24, 1949. On August 31, 1949 in accordance with the dissolution agreement Nelson Realty Company, Inc. conveyed the leased premises to Frank Nelson Estates Inc. without warranty of title and subject to "all existing leases." Nelson Realty Company Inc. on the same date was dissolved. Thereafter on October 24, 1949 in accordance with the dissolution agreement the leased premises were conveyed to Frank Nelson, Jr. subject to a life estate in a one-third interest contemporaneously conveyed to Olive L. Nelson. Frank Nelson Estates, Inc. received back a purchase money mortgage which was, however, subordinate to outstanding mortgages to Prudential Insurance Company of America, to Bank for Savings and Trusts and to H. M. Davis. These mortgages constituted first, second and third liens, respectively, on the leased premises. Each of these conveyances recognized the existence of the lease to The Darling Shop of Birmingham, Inc. In the conveyance to Frank Nelson Estates, Inc., were these words: " * * * and further subject to all existing leases thereon or affecting the same, * * *." In the conveyances to Frank Nelson, Jr. and to Olive L. Nelson by Frank Nelson Estates, Inc., were these words: "This conveyance is also made subject expressly to existing leases and litigation herein referred to by, or against, said Nelson Realty Company, Inc., and any successor thereof, in interest, or by, or against, the grantor as such successor, in interest, and to the entire burden of said litigation whatsoever * *."

When the foregoing transfers of title to the leased premises were made the original bill of appellants was amended so as to bring in as parties Frank Nelson, Jr., the executor of the estate of Olive L. Nelson, then deceased, and the various mortgagees including Prudential Insurance Company of America. The cross-bill was then amended and Frank Nelson, Jr., the executors of the estate of Olive L. Nelson, deceased, and Frank Nelson Estates, Inc., joined in the relief prayed for by Nelson Realty Company, Inc. The various mortgagees answered the amended bill of complaint but have not joined in the cross-bill.

The cross-bill seeks to have the court declare a forfeiture of the tenant's right of renewal which is contained in the lease. This court has said that, "Ordinarily where the bill for a declaratory judgment shows a bona fide justiciable controversy which should be settled, the demurrer thereto should be overruled and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper to introduce on submission for final decree." City of Bessemer v. Bessemer Theatres, Inc., 252 Ala. 117, 39 So.2d 658, 660; Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11; White v. Manassa, 252 Ala. 396, 41 So.2d 395. In other words "the test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theories and contentions but whether he is entitled to a declaration of rights at all." Authorities supra. But where a situation is presented where both parties assert rights dependent on a specific construction and a question of law is presented, a declaration of rights will be made where the question is raised by demurrer. Blackwell v. Burketts, 251 Ala. 233, 36 So.2d 326; Henderson v. Troy Bank & Trust Co., 250 Ala. 456, 34 So.2d 835.

It does appear that a question of law is now presented on demurrer to the cross bill "in that it affirmatively appears therein that the landlord has no right to declare forfeited tenant's right to renewal of the

lease." Since the parties argue the case and appear to consider the question as presented at this stage of the litigation, it seems to us that we should proceed to render a decision on the question in order to expedite the case.

Generally where a covenant to renew a lease is not by its terms made expressly dependent upon performance by the lessee of other covenants and conditions in the lease, a breach of such other covenants will not in and of itself affect the right of lessee to insist upon his renewal privilege. 51 C.J.S. Landlord and Tenant, § 62, p. 608; 32 Am.Jur. p. 817. Furthermore dependence of covenants will not be implied unless that be the intent of the parties as expressed in the instrument. Hill v. Bishop, 2 Ala. 320; Tyson v. Weil, 169 Ala. 558, 53 So. 912, Ann.Cas.1912B, 350. In case of doubt a provision will be construed as a covenant rather than as a condition precedent. Murphy v. Schuster Springs Lumber Co., 215 Ala. 412, 111 So. 427; 51 C.J.S., Landlord and Tenant, § 62, p. 608; 32 Am.Jur. p. 143. Covenants in leases especially are generally independent in the absence of clear indications to the contrary. Barry v. Frankini, 287 Mass. 196, 191 N.E. 651, 93 A.L.R. 1240; Williston on Contracts (rev.ed.) Vol. 3, § 890; Restatement of Contracts, § 290.

The lease in the case at bar makes no reference to any other term or condition in the lease as a condition precedent to the right of exercising the option to renew. There is only one requirement which is that the tenant shall give notice of its election to exercise the option on or before August 1, 1948. It affirmatively appears that such notice was given on July 23, 1948. In the absence of a clause in the lease making performance of the terms and conditions of the lease a condition precedent to the right of renewal, can it be said that there is any ground for implying such a condition precedent? It should be kept in mind that the court must construe a contract as it is written. The court cannot under the guise of construction make a new or different contract for the parties nor add to the terms

of the contract words, terms or conditions not contained in it. John Hancock Mutual Life Ins. Co. v. Schroder, 235 Ala. 655, 180 So. 327. Furthermore in the absence of ambiguity the court cannot interpret the contract but must take it as it is written. Dunlap v. Macke, 233 Ala. 297, 171 So. 721.

In the present case it does not appear to us that two cases relied on by the appellee are applicable. In the case of Gadsden Bowling Center v. Frank, 249 Ala. 435, 31 So.2d 648, 172 A.L.R. 1430, there was a renewal provision in the lease which expressly made the performance of all the terms and conditions of the lease a condition precedent to the right of renewal. As stated there is no such clause in the present lease. In the case of Shell Petroleum Corp. v. Gowan, 240 Ala. 497, 199 So. 849, it was held that a lease containing a renewal provision was subject to cancellation because of the presence of vitiating fraud. There is, however, no question of fraud now before the court on this appeal. The present case must be narrowed to a consideration of the question as to whether or not dependence of the covenants with reference to renewal on the various other covenants in the lease can be implied.

The burden is of course on the pleader to show that under the provisions of the lease dependence of covenants will be implied. The cross-bill in the present case does not present such a situation. It is true that in the case at bar the right of renewal is given "upon the same terms and conditions," which means that provisions for the payment of rent and the furnishing of reports would be for the additional term as had been required for the original term. But this does not imply that the right of renewal is conditioned on payment of rent or furnishing of reports as required in the original lease but simply that the provisions of the lease itself would be the same. The allegations of a general course of conduct on the part of the tenant in not paying rent and making reports as required by the lease do not aid the

landlord in this connection because breach of the lease in these respects is not tied in with renewal of the lease even though breach of the lease may be aggravated. See 172 A.L.R. p. 1439. To illustrate what is meant by renewal on the same terms and conditions, in Burge v. Purser, 141 Miss. 163, 106 So. 770, the right of renewal was not allowed because the tenant did not tender rent notes for the additional term where rent notes had been executed in connection with the original lease. This was held necessary where the renewal was on the same terms and conditions as the original lease.

In the case of Behrman v. Barto, 54 Cal. 131, cited in the foregoing annotation at p. 1438, the option to extend the lease was allowed "provided the tenant was not in default." As we have shown there is no such provision in the present lease, the only requirement being giving of notice to renew. Except for the notice provision the option to renew is unconditional. Where there is no ambiguity the court will not imply a meaning not expressed.

In view of the foregoing we deem discussion of other propositions on the right of renewal as unnecessary.

The question has been raised as to the right of Nelson Realty Company to proceed due to the fact that it has been dissolved and the right of Frank Nelson, Jr., individually, and Frank Nelson, Jr. and Margaret Nelson DeBardeleben, as coexecutors of the estate of Olive L. Nelson, Deceased, and Frank Nelson Estate, Inc., to be added as cross-complainants by amendment. The court correctly held that all of these parties are proper parties. Holder v. Taylor, 233 Ala. 477, 172 So. 761; Gipson v. Hyatt, 243 Ala. 118, 8 So.2d 926; Gulf Electric Co. v. Fried, 220 Ala. 464, 125 So. 804; § 247, Title 7, Code of 1940; Equity Rule 28(d), Title 7, Appendix, Code of 1940, p. 1070; § 110, Title 10, Code of 1940.

We conclude that under the allegations of the cross-bill the cross-complainants have no right to declare a forfeiture of the tenant's right of renewal as contained in the lease.

Reversed and remanded.

LIVINGSTON, C. J., and FOSTER, J., concur.

LAWSON, J., concurs in the result.