Shepherd Realty Company, Inc., appeals from a final judgment, entered after an ore tenus hearing, which denied recovery against Winn-Dixie Montgomery, Inc., for breach of contract. We affirm.
The dispositive issue in this case is whether the trial court erred to reversal in its findings, conclusions, and entry of judgment under the evidence in this case. This being true, other issues raised by appellant need not be addressed.
On 11 May 1971, the Eugene Wylie Corporation and Winn-Dixie Montgomery entered into a twenty-year lease for occupancy by Winn-Dixie of 30,000 square feet of premises for the operation of a supermarket in a development known as Brookwood Village Convenience Center immediately adjacent to the then proposed Brookwood Mall. Winn-Dixie Stores was the guarantor of the obligations of Winn-Dixie Montgomery under the terms of that lease. Shepherd Realty is the current owner of the premises and the assignee of the rights of the landlord-lessor party to the 1971 lease to Winn-Dixie.
The 1971 lease was the result of arm's-length negotiations that took place in the usual course of business. Part of those negotiations centered around a letter of intent addressed to Winn-Dixie by Shepherd Realty dated 22 October 1970. That letter dealt with many of the preliminary negotiations needed for creation of the lease, including the following: location, amount of space to be occupied by lessee, amount of rentals and the term of occupancy. Section 6 of the letter contained the following provision:
 "(c) Tenant agrees to join the Brookwood Merchants Association when formed and pay for the first ___ years of the term $ ___ and for the ___ years immediately following $ ___ monthly as dues. Tenant agrees to contribute $ ___ toward the opening promotion of the center."
The letter of intent was never signed by Winn-Dixie.
Winn-Dixie prepared a draft of the lease and it was reviewed, discussed, and modified, by both parties until agreement was reached regarding terms of the lease, which were then reduced to writing. There was no specific reference requiring membership in the Brookwood Village Merchants Association contained in the lease. There was, however, paragraph 42, entitled "Rules and Regulations," that stated:
 "42. Tenant agrees to abide by all reasonable rules and regulations promulgated by Landlord from time to time, the purpose of which rules and regulations is to promote the best interests of the shopping center and its customers. Tenant intends to operate its business in keeping with the dignity and reputation of the shopping center, and will make every reasonable effort to work harmoniously with Landlord, other merchants in the Center and residents of the surrounding area." *Page 873 
Shepherd Realty contends that paragraph 42 was intended to require Winn-Dixie to join the merchants association and to remain a member. A major conflict in the evidence arose when James Wylie Shepherd, President of Shepherd Realty, testified that Bamber Cox, an employee of Winn-Dixie with whom Shepherd Realty was negotiating, acknowledged that paragraph 42 required Winn-Dixie to become a member of the merchants association and to thereafter continue to be a member. Cox testified that he did not recall such an acknowledgement. Cox did recall, however, that Winn-Dixie agreed to contribute monies to the merchants association.
The Brookwood Village Merchants Association was formed in 1974 upon completion of the Brookwood Village Mall area. The yearly dues for membership were set at twenty cents per square foot of space occupied by a lessee. In a series of communications between Winn-Dixie and Shepherd Realty during July 1974, Winn-Dixie offered to pay a lesser amount than twenty cents per square foot as dues to the merchants association. This offer was rejected and Shepherd Realty would not agree to any deviation from the twenty-cent figure.
Winn-Dixie paid monthly dues from the time the merchants association was organized in 1974 until the dues were increased to twenty-eight cents per square foot in August 1979. It initially refused to pay the increased dues; later it sought to discontinue paying any dues. Shepherd Realty threatened to declare Winn-Dixie's lease in default for nonpayment of dues, whereupon Winn-Dixie agreed to pay the increased dues under protest.
Shepherd Realty filed a complaint against Winn-Dixie on 9 May 1979 for breach of contract based upon Winn-Dixie's refusal and protest of payment of the increased dues. Winn-Dixie answered the complaint by generally denying that it was required to be a member of the merchants association. Also, it specifically denied that paragraph 42 of the lease required membership in the association.
Shepherd Realty amended its complaint to allege fraud by Winn-Dixie in misrepresenting that it would become a mandatory member of the merchants association and sought an additional one million dollars in punitive damages. In a later amendment, Shepherd petitioned the court to reform the contract to require that Winn-Dixie be a mandatory member of the merchants association. Winn-Dixie filed answers denying both claims in the amendments.
On 29 December 1980 this case was heard by the trial court without a jury. Judgment was entered, and a memorandum opinion filed on 17 April 1981, in favor of Winn-Dixie. The trial court concluded that Winn-Dixie was not required to be a member of the Brookwood Village Merchants Association and its refusal to pay the increased dues or join the merchants association did not cause it to be in default under the lease. Further, that Winn-Dixie was entitled to recover all dues paid to the merchants association under protest together with interest at the rate of six percent per annum from date of first payment of dues in August 1979 until February 1980 when increased dues went into effect, in the event it elected not to continue as a member of the merchants association. If, however, Winn-Dixie elected to continue to be a member, it must pay appropriate dues and would be a member at will entitled to withdraw at any time, upon reasonable notice to the merchants association and to plaintiffs (appellants here). On 5 May 1981, Winn-Dixie filed an election not to continue as a member of the Brookwood Village Merchants Association.
There was no error in the trial court's ruling that Winn-Dixie was not required to be a member of the Brookwood Village Merchants Association. There is no specific language in the lease requiring Winn-Dixie to join the merchants association. Furthermore, the record reflects that specific language requiring such membership was found in the leases of other tenants of Brookwood Village but not in the Winn-Dixie lease. *Page 874 
Shepherd Realty vigorously argues that paragraph 42 of the lease should be construed as requiring Winn-Dixie to become and remain a member of the merchants association. Upon a careful reading of that paragraph, together with the other terms of the lease, we conclude that paragraph 42 cannot be construed as requiring Winn-Dixie's membership in the merchants association. Rather, we conclude that this paragraph, on its face, only provides a means by which Shepherd Realty may compel Winn-Dixie to comply with rules affecting the normal operation of Brookwood Village Convenience Center of a nature regarding parking, maintenance, etc., insofar as its premises and appurtenant facilities are concerned. Once a contract between two parties is reduced to writing, absent mistake or fraud, the courts must construe the contract as written. "Furthermore in the absence of ambiguity the court cannot interpret the contract but must take it as it is written." Darling Shop ofBirmingham v. Nelson Realty Co., 255 Ala. 586, 52 So.2d 211
(1951).
Paragraph 33 of the lease also militates against a liberal construction of paragraph 42. Paragraph 33 provides:
 "33. This written lease contains the complete agreement of the parties with reference to the leasing of the demised premises except plans and specifications for tenant's store and related improvements to be formally approved by the parties prior to the effective date of this lease."
We agree with Winn-Dixie that "Paragraph 33 clearly indicates the lease constitutes the complete agreement between the parties."
The trial court was correct in refusing to admit parol evidence to show the "true intent" of the parties. It is fundamental that the parol evidence rule prohibits the contradiction of a written agreement by evidence of a prior oral agreement. The rule provides, generally, that when the parties reduce a contract to writing, intended to be a complete contract regarding the subject covered by that contract, no extrinsic evidence of prior or contemporaneous agreements will be admissible to change, alter or contradict such writing.Hartford Fire Insurance Co. v. Shapiro, 270 Ala. 149,117 So.2d 348 (1960).
There is no evidence in the record to support Shepherd Realty's contention that fraud was committed upon it by Winn-Dixie. Fraud, which is never presumed, must be clearly and satisfactorily proved by the party seeking relief upon that basis. Lamb v. Opelike Production Credit Association,367 So.2d 957 (Ala. 1979). The trial court heard the conflicting evidenceore tenus and found that no fraud was committed. After a careful review of the entire record we agree and will not disturb that finding. It is well settled that in an ore tenus
case every presumption must be indulged in favor of the correctness of the judgment of the trial court and its findings will not be disturbed unless palpably wrong. Ford v. AlabamaBy-Products Corp., 392 So.2d 217 (Ala. 1980).
Under the facts of this case we conclude the trial court did not err in its findings or entry of judgment. The judgment below is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.