SEE, Justice.
Antoinette J. Beasley petitions for a writ of mandamus directing the trial court to vacate its order compelling her to arbitrate her claims against Brookwood Medical Center (“Brookwood”). Beasley maintains that arbitration is inappropriate because the arbitra-ti°n clause contained in her employee handbook and relied upon by the trial court is not supported by a binding contract. We grant the petition.
I.
In March 1995, Brookwood adopted a new employment policy. The policy required all employees, as a condition of employment, to agree to submit employment claims against Brookwood to final and binding arbitration. Brookwood provided notice of the arbitration policy by issuing each employee an employee handbook that included the arbitration agreement, and it required each employee to acknowledge, by signature, receipt of the employee handbook. Tenet Healthcare, Inc., the corporate parent of Brookwood, has used this standard employee handbook and acknowledgment form at many of its facilities across the country. After an employee signed an acknowledgment form, Brookwood placed the form in the employee’s file.
Although Beasley was already employed by Brookwood when this new policy was implemented, her continued employment was conditioned on her acknowledging the receipt of the new standard employee handbook. Less than two months after Beasley signed an acknowledgment form, she was notified that her employment with Brookwood as a registered nurse had been terminated. When Beasley could not find other employment, she sued Brookwood, alleging, among other things, fraud, slander, libel, and blacklisting. The trial court granted Brookwood’s motion to stay the proceeding and to compel arbitration. Beasley filed this mandamus petition.
II.
A writ of mandamus is an extraordinary remedy, requiring the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court. Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989). Mandamus is the appropriate procedure when a *340 party has been compelled to arbitrate a claim that he did not agree to arbitrate.[1]
The Federal Arbitration Act, 9 U.S.C. §§ 1-16, provides that an arbitration clause contained in a contract involving interstate commerce will be enforceable. The arbitration clause will generally be enforceable against those parties who signed the contract. Allied-Bruce Terminix Companies v. Dobson, 684 So.2d 102, 108 (Ala.1995).
The standard employee handbook issued to Brookwood’s employees contains an arbitration provision designated as the final step in the “Fair Treatment Process.” Under the Fair Treatment Process, if an employee fails to resolve a complaint with officers of Brook-wood, the employee “will use binding, independent arbitration as the final step in [his] complaint process.”
In addition, the unsigned acknowledgment form in the standard employee handbook submitted by Brookwood with its mandamus petition contains the following pertinent language:
“ I have received my' copy of the ... Employee Handbook which outlines my privileges and obligations ....
[[Image here]]
“I understand also that this handbook highlights company policies_ No written agreement concerning employment terms or conditions is valid unless signed by a facility executive director ... and no written statement or agreement in this handbook concerning employment is binding, since provisions are subject to change, and as all ... employees are employed on an ‘at will’ basis. ...
“I understand [Brookwood] makes available arbitration for resolution of grievances. I also understand that as a condition of employment and continued employment I agree to submit any complaints to the [Fair Treatment Process] and agree to abide by and accept the final decision of the arbitration panel as ultimate resolution of my eomplaint(s) for any and all events that arise out of employment or termination of employment.”
(Emphasis added.) Beasley argues that the emphasized language, in the second quoted paragraph, stating that “no written statement or agreement in this handbook ... is binding,” precludes the existence of a contract. Otherwise, Beasley contends, Brook-wood would be allowed to pick and choose which provisions of the handbook it desired to enforce.
We agree with Beasley that the statement in the acknowledgment form signed by her that “no written statement or agreement in this handbook ... is binding” vitiates the operative effect of the arbitration provision contained in the standard employee handbook. The plain meaning of the phrase “no written statement” would include the statement in the standard employee handbook that the employee “will use binding, independent arbitration as the final step in [his] complaint process.” See Shepherd Realty Co. v. Winn-Dixie Montgomery, Inc., 418 So.2d 871, 874 (Ala.1982) (stating that courts should construe contractual language as written); McCluskey v. Unicare Health Facility, Inc., 484 So.2d 898, 400 (Ala.1986) (holding that an employee handbook containing a statement disclaiming the binding effect of the handbook was not a contract).
Nonetheless, Brookwood cites O'Neil v. Hilton Head Hospital, 115 F.3d 272 (4th Cir.1997), and Patterson v. Tenet Healthcare, Inc., 113 F.3d 832 (8th Cir.1997), for the proposition that despite the statement disclaiming the binding effect of the employee handbook, the arbitration clause is still binding. The arbitration clause referred to in those cases, however, was the arbitration clause in the acknowledgment form, not the arbitration provision in the body of the employee handbook. O'Neil, 115 F.3d at 273, Patterson, 113 F.3d at 835. In Patterson, id., the United States Court of Appeals for the Eighth Circuit dealt with a signed acknowledgment form containing the same lan *341 guage as that in Brookwood’s standard employee handbook acknowledgment form. The Eighth Circuit stated:
“We conclude ... that the arbitration clause is separate from the other provisions of the handbook and that it constitutes an enforceable contract. ... First, the arbitration clause is separate and distinct. It is set forth on a separate page of the handbook and introduced by the heading, ‘IMPORTANT! Acknowledgment Form.’ This page is removed from the handbook after the employee signs it and is stored in a file. In addition, there is a marked transition in language and tone from the paragraph preceding the arbitration clause to the arbitration clause itself. Although the preceding paragraph discusses the company’s reservation of its ‘right to amend, supplement, or rescind’ any handbook provisions, the arbitration clause uses contractual terms such as T understand,’ T agree,’ I ‘agree to abide by and accept,’ ‘condition of employment,’ ‘final decision,’ and ‘ultimate resolution.’ We believe that the difference in language used in the handbook and that employed in the arbitration clause would sufficiently impart to an employee that the arbitration clause stands alone, separate and distinct from the rest of the handbook. The reservation of rights language refers to the handbook provisions relating to employment, not to the separate provisions of the arbitration agreement.
Id. (citations omitted).
The acknowledgment form contained in Brookwood’s standard employee handbook would have created a binding obligation to arbitrate under Patterson if Beasley had signed that form; however, she did not sign that form. Instead, the evidence submitted by Brookwood shows that Beasley signed an acknowledgment form that is similar to the standard form, but that does not contain the arbitration clause. Absent Beasley’s signature on a document that contains a valid arbitration clause, we cannot hold that she agreed to arbitrate her employment claims against Brookwood. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) (stating that arbitration is required only for those claims the parties have expressed an intent to arbitrate). Accordingly, Beasley has demonstrated a clear legal right to the order sought. The trial court is directed to vacate its order compelling Beasley to arbitrate her claims against Brookwood.
WRIT GRANTED.
MADDOX, SHORES, HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur.
ALMON, J., concurs in the result.
HOOPER, C.J., dissents.

. A direct appeal is the generally accepted method for obtaining review when a trial court denies a motion to compel arbitration. A.G. Edwards & Sons, Inc. v. Clark, 558 So.2d 358, 360 (Ala. 1990). A petition for a writ of mandamus is the generally accepted method for obtaining review when the trial court grants a motion to compel arbitration. Ex parte Alexander, 558 So.2d 364, 365 (Ala. 1990).