## NATIONAL LABOR RELATIONS BOARD v. AUGUSTA CHEMICAL CO.

No. 13359.

United States Court of Appeals
Fifth Circuit.

Feb. 13, 1951.

Fannie M. Boyls, Attorney, N.L.R.B., David P. Findling, Assoc. Gen. Cnsl., N. L.R.B. and A. Norman Somers, Asst. Gen. Cnsl., N.L.R.B., all of Washingston, D. C., for petitioner.

W. M. Fulcher, Augusta, Ga., for respondent.

Before HUTCHESON, Chief Judge, and McCORD and BORAH, Circuit Judges.

PER CURIAM.

In this case the labor union involved in the controversy at the plant had not complied with Sec. 9(f), (g), and (h) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 159(f–h), and charges filed by it were dismissed. Thereupon, with the assistance of the same union, charges were prepared and filed in the names of the individual employees claiming to have been discriminated against, and, over Respondent's objection, the complaint, based on these charges, was prosecuted to a favorable conclusion, and the order, sought to be enforced here, was entered.

Respondent opposes enforcement on two grounds. One of these is that the charges, though filed in the names of the individual employees, were in fact filed by the union, and that, as filed, they are mere subterfuges, indeed frauds, upon the law. The other is that the Board findings, that the complained of action was discriminatory and in violation of law, are not supported by substantial evidence when the record is viewed as a whole. We cannot agree.

■ Whatever may have been, or may be, the real purpose of the Statutes under which these proceedings are maintained, its avowed purpose was not to favor or promote unions as such. It was to promote and protect the rights of individual employees to join or not to join unions and to be free from coercion and interference either way.

■ Because in practice the unions, as such, have dominated, and are dominating, the scene on which these dramas unfold, it may not be said that individual employees have no right to act individually in asserting and vindicating their rights. To do so is to put the cart before the horse, to sublimate the agent above the principal, to make the tail wag the dog.

We are in complete disagreement with Respondent's position on this point. Granted that the disqualified union was active in assisting, indeed in directing, the employees in preparing their charges, it does not at all follow that the employees, by accepting that assistance, disqualified themselves. The saying, that a man cannot touch pitch and not be defiled, may not be thus applied.

■ The second point, that the evidence is insufficient to support the Board's findings, is no better taken. In our opinion the record fully sustains them. Indeed, we think the report of the trial examiner exhibits throughout not only a thorough understanding and appreciation of the effect of the evidence but a most commendable judicial approach to, and handling of, the issues presented. We are in no doubt that the petition for enforcement should be granted as prayed. Petition Granted.