**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**Forrest INGRAM and Ray Fechtel, a Partnership d/b/a Golden Rod Broilers, Respondent.**

**No. 17799.**

United States Court of Appeals
Fifth Circuit.

Jan. 13, 1960.

---

8. The decision of the lower court is reported in D.C., 174 F.Supp. 41.

Margaret M. Farmer, Atty., Thomas J. McDermott, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Stuart Rothman, Gen. Counsel, Duane B. Beeson, Attys., N. L. R. B., Washington, D. C., for appellant.

Mark L. Taliaferro, C. V. Stelzenmuller, Birmingham, Ala., Finis E. St. John, Cullman, Ala., St. John & St. John, Cullman, Ala., Burr, McKamy, Moore & Thomas, Birmingham, Ala., of counsel, for respondent.

Before RIVES, Chief Judge, and HUTCHESON and CAMERON, Circuit Judges.

HUTCHESON, Circuit Judge.

In a brief decision and order, 122 NLRB, 135, the Board adopted the findings, conclusions and recommendation of the trial examiner and ordered the respondent: (1) to cease and desist from discharging employees or otherwise discriminating against them in their employment, because of their exercise of the right to self organization or to join labor organizations, and from in any other manner interfering with them in the exercise of that right; and (2) to reinstate and make whole J. D. Jones, Emma Hamrick, and Reba Sandlin. Here, seeking enforcement of its order, the Board insists that its findings and decision find full support in the evidence.

Respondent, assailing the order as (1) without jurisdictional basis,[1] and (2) as without support in the evidence, vigorously resists its enforcement.

---

1. In that (1) the jurisdictional allegations of the complaint are inadequate; (2) in filing the charges in this case the employees were not acting for themselves but as fronts for the union; and (3) respondent's employees are agricultural workers and are not under the act.

While we recognize the ability, sincerity, and earnestness with which the jurisdictional defenses are urged, we are of the clear opinion that none of them are well taken.

■ Agreeing with respondent's contention that the Board's jurisdiction will not be presumed but must be made to appear, we are unable to agree that jurisdiction was not clearly shown here, indeed we regard as far fetched the claim that jurisdiction was insufficiently alleged.

■ Its other grounds of attack on the jurisdiction are no better taken. The claim that, on this record, it must be held that the employees who filed the charges were not acting for themselves but were merely fronting for the union, is completely answered, we think, by what was done and said by this court in National Labor Relations Board v. Augusta Chemical Co., 5 Cir., 187 F.2d 63. Nothing in National Labor Relations Board v. Happ Bros., 5 Cir., 196 F.2d 195, 196 or National Labor Relations Board v. Alside Inc., 6 Cir., 192 F.2d 678, is at all to the contrary.

■ Of respondent's third jurisdictional point, that its employees are agricultural workers and not under the act, we think it must be said that it failed to show, as required by the act, that its processing plant was functioning as an incident of work on a farm or in conjunction with such farming operations. Cf. National Labor Relations Board v. John W. Campbell, 5 Cir., 159 F.2d 184, Mitchell v. Huntsville Wholesale Nurseries, Inc., 5 Cir., 267 F.2d 286.

■ Coming last to respondent's attacks upon the insufficiency of the evidence to support the order, we find it sufficient to say of them that, while we find ourselves in agreement with respondent's claim that the evidence does not sustain the Board's finding that the complaining employees were discharged, and, therefore, it does not support the order to reinstate them, we find ourselves in equal disagreement with the claim that the record does not support the findings of interference, restraint, and coercion, in violation of Section 8(a) (1) of the Act, 29 U.S.C.A. § 158(a) (1).

■ Disagreeing, therefore, with respondent's claim that the evidence is insufficient to show that respondent knew of and undertook to interfere with the activities of its employees in the exercise of their right to self organization and to engage in concerted activities, in violation of Section 7 of the Act, 29 U.S. C.A. § 157, we yet agree with its claim that no case of wrongful discharge was made out. This is because, though what was said and done showed an intent to interfere with its employees in the exercise of their rights under the act, it did not show, it could not amount to, a discharge. In substance all that occurred here was that when the respondent expressed or showed to some of its employees its disagreement with, and displeasure at, the union activities, the employees, under the leadership of Jones, regarding themselves as panoplied in the support of the union and, therefore, not dischargeable, brought the matter to a focus by voluntarily walking out for the purpose of making an issue of it. Just as in order to warrant recovery in a common law action for wrongful discharge, the plaintiff has the burden of proving, not that he did not like the terms and conditions of employment or his treatment by his employer, but that he was wrongfully discharged, 35 Am. Jur., p. 492, "Master and Servant", Sec. 59, so here, while the Board has authority to determine whether or not there was a wrongful discharge, it also has the burden, when it has made a finding that employees were wrongfully discharged, and seeks enforcement of its order requiring their reinstatement, of presenting a record which establishes that there was an actual discharge and not merely conduct with respect to the employees which constitutes an unfair labor practice.

In perhaps the leading case dealing with questions of unfair labor practices and wrongful discharges, National Labor

Relations Board v. Tex-O-Kan Flour Mills Co., 5 Cir., 122 F.2d 433, at page 438, Judge Sibley, writing for the court, after dealing with cease and desist orders, went on to say:

"* * * Orders for reinstatement of employees with back pay are somewhat different. They may impoverish or break an employer, and while they are not in law penal orders, they are in the nature of penalties for the infraction of law. The evidence to justify them ought therefore to be substantial, and *surmise or suspicion, even though reasonable, is not enough.* * * * So far as the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. goes, the employer may discharge, or refuse to reemploy for any reason, just or unjust, *except discrimination* because of union activities and relationships." (Emphasis supplied.)

In National Labor Relations Board v. Williamson-Dickie Mfg. Co., 5 Cir., 130 F.2d 260 and in National Labor Relations Board v. Times-Picayune Pub. Co., 5 Cir., 130 F.2d 257, this court, sustaining a cease and desist order and rejecting a finding of wrongful discharge under the act, where there was in fact a discharge but the persons discharged had, in reliance on their union membership, acted in such an insubordinate way as to compel it, we discussed the general situation resulting from the employee's over-reliance on union membership and his determination to make an issue of the discharge, and denied enforcement of the order.

We think it plain that the same circumstances exist here, with this difference, that there the respondent was obliged to discharge the employee, while here no discharge was in fact made; the employees, ruffled or disgruntled by being called on the carpet, took matters in their own hands and quit their jobs. Under similar circumstances an employee could not maintain a common law action for wrongful discharge, and the Board cannot here maintain its petition for reinstatement of employees who were not discharged.

Enforcement of the cease and desist order is granted. Enforcement of the order requiring reinstatement of Jones, Hamrick and Sandlin is denied.