**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ALLURE SHOE CORPORATION, Respondent.**

**No. 17968.**

United States Court of Appeals
Fifth Circuit.

April 14, 1960.

Margaret M. Farmer, Thomas J. McDermott, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Stuart Rothman, Gen. Counsel, Melvin Pollack, Atty., Washington, D. C., for National Labor Relations Board.

Joseph A. Perkins, Marchant & Perkins, Miami, Fla., for respondent.

Before HUTCHESON, TUTTLE and JONES, Circuit Judges.

HUTCHESON, Circuit Judge.

In its decision and order,[1] approving and adopting, except in two particulars, the findings, conclusions and recommendations contained in the examiner's intermediate report, the Board directed the respondent to cease and desist from

1. 123 N.L.R.B. No. 93.

the unfair labor practices and to take the affirmative action therein set forth.

■ Here seeking enforcement of its order, the Board insists that its findings and order find full support in the evidence, while respondent resists the enforcement of the order on two grounds. The first is that the order is without jurisdictional basis because respondent's activities are too insignificant in their effect on interstate commerce to bring them within the meaning and intent of the Labor Management Act, as amended, 29 U.S.C.A. § 141 et seq. The second is that there is insufficient evidence to warrant the findings and order.

Though respondent has argued the first ground long and earnestly, we think it must be said of it that, whatever might be thought of the validity of its arguments, if considered abstractly or if the question were a new one, it must be categorically stated of them that in the present state of the law they are so completely foreclosed as to be without substance.

In 1937, in the early beginnings of the enforcement of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., this court, in N. L. R. B. v. Bell Oil Co., 5 Cir., 91 F.2d 509, carefully considered and precisely rejected a similar argument. Later, in N. L. R. B. v. Gulf Public Service Co., 5 Cir., 116 F.2d 852 and N. L. R. B. v. Mid-Co Gasoline Co., 5 Cir., 183 F.2d 451, we re-examined and reaffirmed these conclusions. Respondent cites no case to the contrary of the views announced in those decisions, we have found none. Indeed, the cases respondent cites confirm them.

We come, then, to respondent's second ground, that the Board's findings and conclusions as to unfair labor practices and its order based thereon must be rejected because without support in the evidence considered as a whole, to say of it that, while we agree with respondent that, as to the discharge of Elena Rodriguez, the Board's findings must be rejected and the order denied enforcement, we disagree with it and agree with the

Board that the order must be otherwise enforced.

In giving our reasons for these views, we pass without determining, because not necessary to the decision of this case, the questions, on which examiner and board differ, whether the giving of the wage increases was or was not a violation of the act.

It is true that respondent does state that it has examined each and every case cited by petitioner and cannot take issue with the authorities cited, and that it is *its contention that there is not only no substantial evidence to warrant the findings but virtually no probative evidence at all, that is that it furnishes no reasonable basis for the findings of the Board.* We think, however, that in its argument it discusses the testimony, not from the standpoint of whether, on the evidence considered as a whole, examiners and board, as triers of fact, could not reasonably draw the conclusions they drew, but from that of whether the evidence preponderates for or against those conclusions. For, as its criterion for objecting to the conclusions, the respondent stated: "None of the testimony of the petitioner's principal witnesses, where material, was corroborated, even by the Board's own witnesses, indeed in many, if not most, instances, it was contradicted."

■ Proceeding, then, to examine and analyze the testimony of these witnesses, the argument, beginning with the statement that they needed an interpreter when they wished to avoid answering pertinent questions, characterizes them as neurotic, inconsistent and untruthful witnesses, and proceeds to weigh their testimony by setting off against it evidence respondent characterizes as contradictions of it. It is not necessary for us to determine whether the respondent is right in urging upon us that the weight of the evidence preponderates in its favor, for this is not the question for our decision. That question is whether, upon the evidence considered as a whole, it can be said that the findings and conclusions of examiner and board, with

respect to the unfair labor practices charged and found, are without reasonable support in the evidence.

 A studied and completely disinterested examination of the painstaking and careful intermediate report of the examiner, in the light of the briefs and the joint appendix, convinces us that the findings made and conclusions drawn by him were based, not upon surmise and suspicion, where the wish was father to the thought, but upon a thoughtful and impartial reception and consideration of the evidence as a whole, in the course of which he gave the fullest consideration to the attitude, character, and interest of each of the testifiers, in the light of the situation as a whole as the evidence revealed it.

We will not, therefore, undertake to make extracts from or set out portions of the testimony of particular witnesses. We will content ourselves with saying that, attended, as the trial undoubtedly was, with difficulties arising from the inherent nature of this small controversy in a small business and of the character, attitudes, and attributes of the participants in it, the examiner did a thorough and conscientious job in arriving at and fairly and adequately stating and supporting his conclusions. This general approach was most precisely exhibited in his analysis and discussion of, and conclusion as to the situation in the case of Elena Rodriguez. Recognizing the force of the statutory prohibition against requiring the reinstatement of persons discharged for cause and the purport and effect of the decisions written both before and since the enactment of the statute, the examiner, concluding that since the employer unquestionably had cause for Elena's discharge, the burden lay heavily on the Board's counsel to produce clear evidence that the discharge was not for such cause, refused to follow after him by allowing

surmise and suspicion to take the place of proof.

This court has many times dealt with the question here presented, the right of an employer to discharge for cause, indeed for any ground except an unfair labor practice. Before the enactment of the statute gave precise legislative authority to the principle, this court, beginning with N. L. R. B. v. Tex-O-Kan Mills, 5 Cir., 122 F.2d 433, 435, 438, where the court stated of orders for reinstatement of employees with back pay: "The evidence to justify them ought therefore to be substantial, and surmise or suspicion, even though reasonable, is not enough.", has time and again[2] announced, strictly adhered to, and applied these principles.

The enforcement of the order, except as to Elena Rodriguez, is Granted. As to her, it is Denied.

---

2. N.L.R.B. v. Ingram, 5 Cir., 273 F.2d 670; N.L.R.B. v. Hudson Pulp & Paper Co., 5 Cir., 273 F.2d 660, 662, at page 666; N.L.R.B. v. Fox, 8 Cir., 238 F.2d 211, 212, at page 214; N.L.R.B. v. Newton Co., 5 Cir., 236 F.2d 438; and the many cases cited in them.