**MARYDALE PRODUCTS COMPANY, Inc., Appellant,**

v.

**UNITED PACKINGHOUSE WORKERS OF AMERICA, AFL-CIO, Appellee.**

**No. 19482.**

United States Court of Appeals Fifth Circuit.

Sept. 4, 1963.

Herman M. Baginsky, New Orleans, La., for appellant.

Eugene Cotton, Richard F. Watt, Chicago, Ill., Benjamin E. Smith, New Orleans, La., Cotton, Fruchtman & Watt, Irving M. King, Chicago, Ill., for appellee, United Packinghouse Workers of America, AFL-CIO.

Before HUTCHESON, WISDOM and GEWIN, Circuit Judges.

GEWIN, Circuit Judge.

This is an appeal by Marydale Products Company, Inc.,[1] a Louisiana Corporation, from the judgment of the United States District Court for the Eastern District of Louisiana granting Motion to Dismiss filed by United Packinghouse Workers, etc.[2] Marydale's complaint alleged, inter alia; Defendant Union is an unincorporated association with its principal place of business in Illinois, with officers and agents acting for employee members within Louisiana and with offices throughout Louisiana; it failed to discharge the duty imposed on it by 29 U.S.C.A. § 151 et seq. to exert every reasonable effort to eliminate obstructions to the flow of commerce caused by strikes and other forms of industrial unrest; conspired to cause a disruption and restraint of plaintiff's business in interstate commerce by unlawfully causing a shutdown or work stoppage by illegal picketing which resulted in violence; physically threatened plaintiff's employees and sabotaged plaintiff's machinery and equipment; all of which actions constituted unfair labor practices in violation of 29 U.S.C.A. § 151 et seq. and resulted in $50,000.00 damages to plaintiff.

The complaint further alleged that the Union's actions were "for the purpose of forcing Petitioner, by unlawful means, to recognize the Union as the bargaining representative of Petitioner's employees * * *. Said Union did not at that time, nor does it now, represent a majority of plaintiff's employees, and has never been certified by the National Labor Relations Board as the proper bargaining representative of Petitioner's employees."

■■ Jurisdiction of the U. S. District Court "is rested upon 28 U.S.C.A. 1331, 28 U.S.C.A. 1332, 28 U.S.C.A. 1337, 29 U.S.C.A. 151 et seq., 29 U.S.C.A. 157, 29 U.S.C.A. 158(b), 29 U.S.C.A. 185, and Article 2315 of the [LSA–] Louisiana Civil Code, * * *. The amount in controversy exceeds $10,000.-00 exclusive of interest and costs." The court granted the motion to dismiss on the ground that there was a complete lack of jurisdiction.[3] Essentially, the District Court concluded that it lacked jurisdiction for the reason that any claim of violation of the National Labor Relations Act must be addressed to the National Labor Relations Board; and specifically concluded that there were no allegations of acts which brought the

---

1. Herein called Marydale.

2. Herein called Union.

3. The "reasons" given by the District Court for granting the motion are as follows:

   "1. This court lacks federal question jurisdiction of this case. 28 U.S.C. § 1331. Alleged violation of the National Labor Relations Act, 29 U.S.C. § 151 et seq., is properly addressed solely to the National Labor Relations Board, San Diego [Bldg. Trades Council Millmen's] Union v. Garmon, 359 U.S. 236, 245 [79 S.Ct. 773, 3 L.Ed.2d 775], except where jurisdiction is conferred on the District Court by §§ 301(a) and 303(b) of the Act, 29 U.S.C. §§ 185(a) and 187(b), which sections are not involved here. Claims arising under La. [LSA] C.C., Art. 2315, are, of course, state, not federal.

   "2. This court lacks jurisdiction under 28 U.S.C. § 1337. The only Act of Congress protecting commerce against restraint alleged to have been violated by defendant is the National Labor Relations Act, 29 U.S.C. § 151 et seq. The exclu-

sive forum for remedy of violation of that Act is initially the National Labor Relations Board, San Diego [Bldg. Trades Council Millmen's] Union v. Garmon, supra, unless the activity violates some other federal statute in a manner not involving a labor dispute. See Streiffer v. Seafarers Sea Chest Corporation, E.D. La., 162 F.Supp. 602. Plaintiff does not allege that any other federal statute has been violated.

   "3. This court lacks diversity jurisdiction in this case. 28 U.S.C. § 1332. The unincorporated defendant, whether a legal entity for purposes of being sued or not, see La. [LSA] C.Civ.P., Art. 738, and Rule 17(b), F.R.Civ.P., does not have foreign citizenship for purposes of diversity. Lowry v. International Brotherhood, etc., 5 Cir., 259 F.2d 568. Plaintiff negates the possibility of diversity as to all plaintiffs and all defendants. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 [2 L.Ed. 435], by alleging that defendant union maintains offices, agents, employees, and members in Louisiana on a permanent basis."

case under either § 301(a) or 303(b) of the act, 29 U.S.C.A. §§ 185(a) and 187 (b). The last mentioned sections provide for court remedies for violation of collective bargaining agreements or contracts and for certain secondary boycott activities, neither of which is involved here. As to diversity, the court concluded that the complaint itself negates that ground of jurisdiction. We are in complete accord with the ruling of the trial court, but Marydale is so insistent that jurisdiction does exist, we deem it appropriate to discuss its contentions.

The chief thrust of Marydale's argument is that jurisdiction exists, first because of the existence of a federal question, and secondly because of diversity of citizenship between the parties.[4] All of the cases cited by Marydale to support its argument that jurisdiction is predicated upon the existence of a federal question arising under the National Labor Relations Act, are National Labor Relations Board cases which came to courts of appeals after proceedings before the Board.[5] These cases are not authority for the position taken by Marydale. Further, in support of its contention that the N.L.R.B. is not the proper forum with respect to violations of the N.L.R.A., Marydale relies on United Constructions Workers v. Laburnum Construction Corp., 347 U.S. 656, 74 S.Ct. 833, 98 L.Ed. 1025; and International Union, United Auto, Aircraft and Agr. Implement Workers v. Russell, 356 U.S. 634, 78 S.Ct. 932, 2 L.Ed.2d 1030; and seeks to distinguish the more recent case of San Diego Building Trades Council Millmen's Union v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775. All

---

4. The following is from the appellant's brief:

"Appellant respectfully submits that the District Court had jurisdiction of this controversy, both because of the existence of a federal question and because of diversity of citizenship between the parties."

\* \* \* \* \*

"We respectfully urge that Appellee violated the provisions of the National Labor Relations Act by causing the work stoppage at Appellant's plant without first presenting any demand to Appellant, and this illegal action gave rise to a cause of action in favor of Appellant, which cause of action is one of the predicates of Appellant's case.

"We respectfully submit that one who is damaged as the result of actions taken in violation of the National Labor Relations Act, has the right to resort to the Federal Courts to recover compensation for the damages thus sustained."

\* \* \* \* \*

"We reiterate that Appellant, having sustained damages as a result of the illegal activities of Appellee, which activities were in violation of the National Labor Relations Act, has the right to invoke the jurisdiction of the federal court to recover the damages thus sustained."

\* \* \* \* \*

"We respectfully urge that the activities complained of in this case are not activities protected by the National Labor Relations Act but on the contrary were actions taken in direct violation of the letter and spirit of that statute."

The following is from Paragraph 12 of the Marydale's complaint, which is the concluding paragraph of the complaint:

"*All of the actions above described on the part of the Defendant Union constituted unfair labor practices in violation of 29 USCA 151 et seq. and resulted in damage to Petitioner.* Petitioner's goodwill, good name and reputation have suffered serious and irreparable injury because of the actions of the Defendant, its plant efficiency was lowered and its labor costs rose, and Petitioner has been seriously injured financially and has suffered damages amounting to over $50,-000.00, for all of which Defendant is responsible in law." (Emphasis added)

5. The cases cited in Marydale's brief are: M. H. Ritzwoller Co. v. N. L. R. B., 7 Cir., 114 F.2d 432; N. L. R. B. v. Washington Aluminum Co., 4 Cir., 291 F.2d 869, 875, 876, 877; Jeffery-De Witt Insulator Co. v. N. L. R. B., 4 Cir., 1937, 91 F.2d 134, 138, 112 A.L.R. 948; N. L. R. B. v. Ford Radio and Mica Corp., 2 Cir., 1958, 258 F.2d 457; N. L. R. B. v. Ingram, 5 Cir., 273 F.2d 670; N. L. R. B. v. International Woodworkers, 5 Cir., 243 F.2d 745; Progressive Mine Workers of America v. N. L. R. B., 7 Cir., 187 F.2d 298; N. L. R. B. v. Local 140 United Furniture Workers of America, 2 Cir., 233 F.2d 539; N. L. R. B. v. United Packinghouse Workers of America, 5 Cir., 274 F.2d 816.

3 of the cited cases originated in state courts. We are not undertaking to delineate the bounds of jurisdiction of state and federal courts in any fact situation which may arise, but we are clear to the point that the cited cases are not authority for the proposition that the U. S. District Court has jurisdiction in the instant case. The Garmon case decides that there is no federal jurisdiction here:

"The adjudication in California has throughout been based on the assumption that the behavior of the petitioning unions constituted an unfair labor practice. This conclusion was derived by the California courts from the facts as well as from their view of the Act. It is not for us to decide whether the National Labor Relations Board would have, or should have, decided these questions in the same manner. When an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted."

■ As to the diversity question, the contentions of Marydale are completely answered by the holdings of this court in Lowry v. International Brotherhood of Boilermakers, etc., 259 F.2d 568 (5 Cir., 1958), and Calagaz v. Calhoun, 309 F.2d 248 (5 Cir., 1962). In the instant case there is no intimation of a class action such as was involved in the Calagaz case.

■ In addition to the arguments as to the existence of a federal question and diversity, it is further contended that jurisdiction arises out of Title 28 U.S.C.A. § 1337;[6] and Article 2315 of the LSA–Revised Civil Code of Louisiana.[7] As to the first contention, jurisdiction under § 1337 is conferred only in such cases which concern the validity, construction or enforcement of a statute regulating commerce. The only such statute involved in this case is the National Labor Relations Act; and as we have stated, such violations must first go to the National Labor Relations Board. Adams v. International Brotherhood of Boilermakers, 10 Cir., 1959, 262 F.2d 835, 839. As to jurisdiction arising out of the existence of a federal question see Gully v. First National Bank of Meridian, (1936) 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Screven Company v. Brier Creek Hunting & Fishing Club, Inc., 5 Cir., 1953, 202 F.2d 369, cert. den. 345 U.S. 994, 73 S.Ct. 1136, 97 L.Ed. 1402; Jackson v. Martin Company, (D.C.Md.1960), 180 F.Supp. 475. We are unable to follow the allegation and contention that jurisdiction is conferred by Article 2315 of the LSA Civil Code. Marydale would have to allege facts showing diversity of citizenship, when, as a matter of fact, its complaint negatives the existence of diversity.

We have carefully considered all of the contentions of the appellant, Marydale, and find no merit in any of them. The judgment is affirmed.

---

6. 28 U.S.C.A. § 1337 provides as follows:
   "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

7. Article 2315 of the LSA–Revised Civil Code of Louisiana provides:
   "Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it. * * *"