**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ISAAC AND VINSON SECURITY SERV-ICES, INC., Respondent.**

No. 72–1358

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 21, 1972.

Rehearing Denied Nov. 16, 1972.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., Charles M. Paschal, Jr., Director, Region 15, N. L. R. B., New Orleans, La., Peter G. Nash, Gen. Counsel, Paul J. Spielberg, Michael Barkow, Attys., N. L. R. B., for N. L. R. B.

Ralph R. Miller, Jack A. Tittle, Jr., Norco, La., for respondent.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

The National Labor Relations Board seeks enforcement of its order that the respondent, Isaac & Vinson Security Services, Inc., cease and desist from violating Sections 8(a)(1) and 8(a)(3) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1), 158(a)(3), and that it reinstate with backpay the employees discharged in violation of these Sections. 193 NLRB No. 129. The respondent challenges only the substantiality of the evidence in support of the Board's order.

The Board's findings will be set aside only "when the record before a Court of Appeals clearly precludes the Board's decision from being justified by a fair estimate of the worth of the testimony of the witnesses or its informed judgment on matters within its special competence." Universal Camera Corp. v. N. L. R. B., 1951, 340 U.S. 474, 490, 71 S.Ct. 456, 95 L.Ed. 456; N. L. R. B. v. Georgia Rug Mill, 5 Cir. 1962, 308 F.2d 89. After an examination of the record in this case, we are convinced that the Board's findings are fully supported by the evidence considered as a whole. N.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of

New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

L. R. B. v. Houston Chronicle Pub. Co., 5 Cir. 1960, 300 F.2d 273; N. L. R. B. v. Allure Shoe Corp., 5 Cir. 1960, 277 F.2d 231; N. L. R. B. v. Hudson Pulp & Paper Corp., 5 Cir. 1960, 273 F.2d 660.

Enforcement of the Board's order is granted.