## NATIONAL LABOR RELATIONS BOARD v. DON JUAN CO., Inc. et al.

### No. 81, Docket 21405.

United States Court of Appeals Second Circuit.

Submitted Nov. 8, 1950.

Decided Nov. 28, 1950.

David P. Findling, Associate General Counsel, A. Norman Somers, Assistant General Counsel, Frederick U. Reel, Washington, D. C., and Leonard S. Kimmell, Cincinnati, Ohio, for petitioner, National Labor Relations Board.

Friedman & Friedman, New York City, for respondents, Don Juan Co., Inc., and Don Juan, Inc.; Hyman R. Friedman, New York City, of counsel.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

PER CURIAM.

When this case was before us on the prior application of National Labor Relations Board to enforce its order [178 F. 2d 625], we granted its petition except in so far as it related to an award of back pay, but remanded the case for further consideration of the question of the award of back pay, saying that it did not appear from the record whether the Board had considered the question of good faith at all, or whether, if the discharges were found to have been made in good faith, the Board "intended to depart from what seems to have been its practice in refusing to order back pay in such a situation." We remand-

ed the case in order that "there should be findings in respect to the question of good faith and a clear indication of the policy which the Board determines to exercise in the particular circumstances."

On remand, the Board found that the employers had "acted in good faith" but that back pay should be ordered notwithstanding.

█ In the case at bar the employer honestly believed that it had a contract with the AFL union for a closed shop. If it had such a contract, as we have said in our former opinion, it would not have been an unfair labor practice to discharge the two employees involved in the present dispute, who had attempted to organize another union in the respondent's plant and who were suspended from the AFL union for that reason. The Board held that the contract of the AFL union with the employer did not provide for a closed shop, though it may have been somewhat obscure in its terms. We reached the same conclusion on the former appeal but at that time refused to enforce back pay for the reasons we have stated above. We are now prepared to enforce the Board's order as to back pay in spite of evidence of good faith as we did in National Labor Relations Board v. Geraldine Novelty, Inc., 173 F. 2d 14, and as the Sixth Circuit did in National Labor Relations Board v. Hudson Motor Car Co., 128 F.2d 528.

When we ordered the remand for consideration of the question of good faith, we relied on M. & M. Woodworking Co., 6 N.L.R.B. 372, 383; McKesson & Robbins, Inc., 19 N.L.R.B. 778, 800; and Smith Wood Products, Inc., 7 N.L.R.B. 950, 957. We remanded primarily because Mr. Justice Frankfurter had said in Phelps Dodge Corp. v. National Labor Relations Board, 313 U.S. 177, 197, 61 S.Ct. 845, 853, 185 L. Ed. 1271:

"The administrative process will best be vindicated by clarity in its exercise. Since Congress has defined the authority of the Board and the procedure by which it must be asserted and has charged the federal courts with the duty of review-ing the Board's orders (§ 10(e) and (f)), it will avoid needless litigation and make for effective and expeditious enforcement of the Board's order to require the Board to disclose the basis of its order."

But he had added: "We do not intend to enter the province that belongs to the Board, nor do we do so. All we ask of the Board is to give clear indication that it has exercised the discretion with which Congress has empowered it." Thus he made it abundantly clear that the question was one for the discretion of the Board and that the proceeding was remanded only in order to be sure that the various factors pertinent to the exercise of its discretion had been considered. The Board has now considered the effect of good faith on an award of back pay, and has made the following declaration of policy in response to the remand of the proceeding:

"We believe that the inherent equities of such a situation require that, whether the discharges were made in good faith or bad faith, the financial loss resulting therefrom should be borne by the Respondents, who committed the illegal acts, not by the two employees who were discharged through no fault of their own. The risk of mistake in construing ambiguous provisions of a supposed union-security contract should reside with the party who misinterprets the contract, rather than with the employees against whose interest the contract has erroneously been thought to run."

█ We think that the Board has clearly indicated its reasons for awarding back pay and thus has complied with the injunctions of Mr. Justice Frankfurter in Phelps Dodge Corp. v. National Labor Relations Board, supra; see also Republic Aviation Corp. v. National Labor Relations Board, 324 U.S. 793, 803, 65 S.Ct. 982, 89 L.Ed. 1372. We, therefore, are not called upon to discuss the recognition of the employees' good faith as an excuse for the denial of back pay by the Board in some of the earlier decisions we have referred to.

The petition to award back pay to Romona Wilkinson and Penny Holmes is, accordingly, granted.