NATIONAL LABOR RELATIONS BOARD

v.

SOUTHERN SILK MILLS, Inc.

No. 11898.

United States Court of Appeals
Sixth Circuit.
Dec. 21, 1953.

☞560

Geo. J. Bott, A. Norman Somers, Washington, D. C., John C. Getreu, Regional Dir., Atlanta, Ga., for petitioner.

Frantz, McConnell & Seymour, Knoxville, Tenn., Harold M. Humphreys, Chattanooga, Tenn., for respondent.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

This cause having been heard upon the record, briefs and argument of counsel for the respective parties;

 And the Court being of the opinion that the spontaneous walk-outs and temporary work stoppages by the respondent's employees in protest against what they not unreasonably considered excessive heat in the factory building constituted concerted activity for mutual aid or protection within the meaning of Section 7 of the National Labor Relations Act, Sec. 157, Title 29 U.S.Code, 29 U.S.C.A. § 157; N. L. R. B. v. Kennametal, Inc., 3 Cir., 182 F.2d 817, 19 A.L.R.2d 562; Carter Carburetor Corp. v. N. L. R. B., 8 Cir., 140 F.2d 714, 718; N. L. R. B. v. J. I. Case Co., 8 Cir., 198 F.2d 919, 922; N. L. R. B. v. Globe Wireless, 9 Cir., 193 F.2d 748, 750; and did not deprive them of the benefits of the Act; Sec. 152(3) and 163, Title 29 U.S.C., 29 U.S.C.A. §§ 152(3), 163; See International Union of United Automobile, Aircraft and Agricultural Implement Workers of America, C.I.O. v. O'Brien, 339 U.S. 454, 459, 70 S.Ct. 781, 94 L.Ed. 978.

 And that the findings by the Board that the suspension and later discharge of the employees herein complained of was because they participated in these work stoppages and because of the organizational activity engaged in by these employees after they were suspended are supported by substantial evidence on the record considered as a whole;

And, such acts being in violation of Sec. 8(a) (1) and (3) of the Act, Sec. 158(a) (1) and (3), Title 29 U.S.C., 29 U.S.C.A. § 158(a) (1, 3); N. L. R. B. v. Ford, 6 Cir., 170 F.2d 735, 738–739, and cases hereinabove cited;

It is ordered that a decree of enforcement of the Board's Order of October 21, 1952, be entered.