**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**v.**

**TEX–TOGS, Inc., Respondent.**

**No. 15760.**

United States Court of Appeals
Fifth Circuit.
March 27, 1956.

Arnold Ordman, Gray Castle, Attys., N. L. R. B., Washington, D. C., Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., David P. Findling, Associate Gen. Counsel, Theophil C. Kammholz, Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.

Frank H. Hunter, Eugene T. Edwards, El Paso, Tex., for respondent.

Before HUTCHESON, Chief Judge, and RIVES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

All that is in question here is whether the record, considered as a whole, supports the Board's decision and order[1] determining that respondent, in violation of Sec. 8(a) (1) of the National Labor Relations Act, 29 U.S.C.A. § 158 (a) (1), discharged two of its employees because of their concerted activity in presenting employee grievances. The examiner, in a full and fair statement and analysis of the evidence, found the respondent guilty of the unfair labor practice charged, and the Board affirmed his findings and conclusions. We think it clear that in doing so the Board acted in accordance with the established facts and the applicable law, and that the respondent's attack upon the findings is based on a misapprehension of both law and fact.

█ Its misapprehension of law arises from its assumption that, if its view of the evidence, that the two employees stated to Ingram that unless the relief requested was afforded them they would quit, is correct, this ipso facto terminated their employment, and they could not thereafter change their minds and decide not to quit except under compulsion. In Gullett Gin Co. v. N. L. R. B., 5 Cir., 179 F.2d 499, 502, we thus rejected a similar fallacious contention made under a somewhat similar situation:

"All that occurred, occurred in the course, and as a result of the effort of the men to obtain a raise in wages. A discussion followed. A peremptory question was put to them. They were not allowed to answer it. The employer answered it for them. And because they did not answer with the celerity the employer desired, they were fired out of hand.

"Upon the clearest principles, these discharges were in the course, and because, of their engaging in activities protected by the statute. They were prohibited by, and the respondent was guilty of a violation of, Sec. 8(a) (1) of the act."

Cf. Salt River Valley Water Users' Ass'n v. N. L. R. B., 9 Cir., 206 F.2d 325; N. L. R. B. v. Schwartz, 5 Cir., 146 F.2d 773, and N. L. R. B. v. Augusta Chemical Co., 5 Cir., 187 F.2d 63.

Its misapprehension of fact appears in its refusal to recognize the direct conflicts in the oral testimony and that there was believable testimony which the examiner was authorized to and did accept as true, flatly denying the testimony of respondent's witnesses.

█ Consideration of the record as a whole shows clearly that the findings and conclusions of examiner and board were well sustained by the evidence, indeed that the credible evidence greatly preponderated in support of the view they took and that the order should be enforced.

Enforced.

1. 112 N.L.R.B. No. 55.