PUERTO RICO LABOR RELATIONS BOARD, Petitioner, *v.* SALVADOR MORALES, d.b.a. VAQUERÍA FELÍCITA, Defendant.

No. JRT-63-6. Decided January 21, 1964.

*J. B. Fernández Badillo,* Solicitor General, *José Orlando Grau, Luis Rivera Pérez,* and *Rafael J. Vázquez Colón* for petitioner. *Martín Avilés Bracero* and *Alfredo Álvarez Linares* for defendant.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

 Section 4 of the Labor Relations Act of Puerto Rico (29 L.P.R.A. § 65) provides that employees have the right "to engage in concerted activities for the purpose of bargaining collectively *or for other mutual aid and protection.*" (Italics ours.) Section 8(1)(a) of that Act (29 L.P.R.A. § 69(1)(a)) provides that it shall be an unfair labor practice for an employer to interfere with, restrain, or exercise coercion upon, or to attempt to interfere with, restrain, or exercise coercion upon his employees in the exercise of such rights. The concerted activity is not confined to the field of collective bargaining, but may have other and distinct purposes such as to protest the conditions of the working premises,[1] protest or quit work as a result of layoff or ill treatment of another employee,[2] seek the reinstatement of an inefficient employee or complain of the inefficiency of a superior,[3] complain of inadequate salaries,[4] and seek to discuss the refusal to pay Christmas bonus.[5] As is to be presumed, the protected concerted activity cannot constitute an unlawful[6] or violent[7] act, nor in violation of the agreement,[8] nor

---

[1] *Labor Bd.* v. *Washington Aluminum Co.*, 370 U.S. 9 (1962); *N.L.R.B.* v. *Southern Silk Mills*, 209 F.2d 155 (6th Cir. 1953); *Carter Carburetor Corp.* v. *N.L.R.B.*, 140 F.2d 714 (8th Cir. 1944).

[2] *N.L.R.B.* v. *J. I. Case Co., Etc.*, 198 F.2d 919 (8th Cir. 1952); *N.L.R.B.* v. *Globe Wireless*, 193 F.2d 748 (9th Cir. 1951); *N.L.R.B.* v. *Peter C. K. Swiss Choc. Co.*, 130 F.2d 503 (2d Cir. 1942).

[3] *N.L.R.B.* v. *Phoenix Mut. L. Ins. Co.*, 167 F.2d 983 (7th Cir. 1948); *N.L.R.B.* v. *Guernsey Muskingum Electric Co-op., Inc.*, 285 F.2d 8 (6th Cir. 1960); *N.L.R.B.* v. *Schwartz*, 146 F.2d 773 (5th Cir. 1945).

[4] *N.L.R.B.* v. *Tex-Togs, Inc.*, 231 F.2d 310 (5th Cir. 1956); *N.L.R.B.* v. *Kennametal, Inc.*, 182 F.2d 817 (3d Cir. 1950); *Gullett Gin Co.* v. *N.L.R.B.*, 179 F.2d 499 (5th Cir. 1950).

[5] *Modern Motors* v. *N.L.R.B.*, 198 F.2d 925 (8th Cir. 1952).

[6] *Southern S.S. Co.* v. *Labor Board*, 316 U.S. 31 (1942); *N.L.R.B.* v. *Dallas General Drivers, Etc., Local No. 745*, 264 F.2d 642 (5th Cir. 1959).

[7] *Labor Board* v. *Fansteel Corp.*, 306 U.S. 240 (1939).

[8] *Labor Board* v. *Sands Mfg. Co.*, 306 U.S. 332 (1939).

be indefensible as constituting a disloyalty to the employer which is unnecessary for the purpose of engaging in lawful concerted activities,[9] nor consist of false imputations made deliberately or with the intent to falsify or maliciously injure the employer, or defamatory, insulting or manifestly destructive of discipline.[10] The interference, restraint or coercion referred to in § 8(1)(a) of the Act may consist in the layoff of the employee, as was the situation in many of the cases already cited, or in any other discriminatory act against him, as for example, the giving of demerits, not giving him work during extra hours, changing an employee from a day to a night shift which was less desirable, as well as the temporary suspension from employment.[11] The concerted activity referred to in the Act in question must be by one or more employees in the name and for the benefit of more than one of a group of employees[12] of which he or the complainants form part. The fact that the complaint is prompted by a spirit of reprisal against the employer, provided it is actually of mutual benefit for the employees, or that from a subsequent investigation it appears that it was without basis, does not imply that it ought to be considered outside the protection of the Labor Relations Act, unless it is shown, something which was not done in this case, that the activity also partakes of the nature already pointed out which proscribes and excludes it from such protection, according to the

---

[9] *Labor Board* v. *Electrical Workers,* 346 U.S. 464 (1953).

[10] *Walls Mfg. Company, Inc.,* 137 N.L.R.B. 1317 (1962).

[11] *Oklahoma Transp. Co.* v. *N.L.R.B.,* 136 F.2d 42 (5th Cir. 1943); *J. A. Utley Company* v. *N.L.R.B.,* 217 F.2d 885 (6th Cir. 1954); *Texarkana Bus Co.* v. *N.L.R.B.,* 119 F.2d 480 (8th Cir. 1941); *N.L.R.B.* v. *Kearney & Trecker Corp.,* 237 F.2d 416 (7th Cir. 1956).

[12] *Office Employees Int. U.* v. *Houston Lighting & P. Co.,* 314 S.W.2d 315 (Texas 1958); *The Ohio Oil Company,* 92 N.L.R.B. 1597 (1951); *Panaderia Sucesion Alonso,* 87 N.L.R.B. 877 (1949); Scurlock, *Pre-Emption in Labor Relations,* 35 Texas L. Rev. 555, 557 (1957).

cases of *Southern S.S. Co.*, *supra*; *Fansteel Corporation*, *supra*; *Sands Mfg. Co.*, *supra*; *Electrical Workers*, *supra*; *Walls Mfg. Co.*, *supra*. It is immaterial whether the employer believed in good faith, when he discriminated against the employee, that the latter was not engaged in a concerted activity to which reference is made in the Act *supra*. *N.L.R.B.* v. *Industrial Cotton Mills*, 208 F.2d 87, 91 (4th Cir. 1953) ; *N.L.R.B.* v. *Don Juan Co.*, 185 F.2d 393 (2d Cir. 1950).

In the case before us, on the basis of a complaint filed by the Union of United Workers of the South of Puerto Rico, the Labor Relations Board of Puerto Rico, petitioner herein, filed a complaint against defendant Salvador Morales charging him with a violation of the provisions of the Labor Relations Act *supra* in discharging his employees Félix Rivera Viera and Cesáreo Rivera Santiago for engaging in concerted activities *"consisting in having claimed before officers of the Department of Labor payment for a certain number of extra hours."* (Italics ours.) The findings of fact of the Trial Examiner, confirmed by the petitioning Board, are to the effect that as a result of injuries sustained by a calf in defendant's dairy the foreman of the stable, José Antonio Casiano, harshly rebuked a group of workers among whom were Félix Rivera Viera and Cesáreo Rivera Santiago, and that as a result of such incident these two employees went immediately to the Guayama office of the Department of Labor and filed a claim against defendant employer for extra hours, work performed on the seventh day and differences in salaries. The evidence further shows that the claim was made exclusively in the name of both complainants for their mutual benefit. The same day they spoke with their coworkers and urged them to sign on a notebook paper so that they could claim extra hours in the name of all of them. Some signed, others did not. Subsequently, upon receipt of the report of the Department of Labor, presumably the summons to ap-

pear at a hearing in connection with the claim for extra hours, defendant reprimanded both employees for such action. After the hearing, at which the employer established payment of the seventh days worked by complainants and at which there appeared the defendant, both complainants and a witness other than the signers of the paper, defendant discharged both employees from work, as concluded by the Trial Examiner, or sought to change them from their jobs by offering them work cutting grass which was less beneficial for them, instead of the milking job which they had performed until that time, as a result of the alleged disputes between them and the foreman and the person in charge of the stable. The Department of Labor took no action on the claim seeking compensation for extra hours because the complainants did not present the necessary supporting evidence. The Board concluded that defendant had engaged in an unfair labor practice in discriminating in the aforesaid manner against Félix and Cesáreo Rivera because they had engaged in a concerted activity, consisting in filing against defendant a claim for salaries which the latter failed to pay *to them and to other employees* for work performed during extra hours and on seventh days; that when both employees went to the Department of Labor to make claim *"they were acting for the benefit of the group."* (Italics ours.) It must be said at this point that the evidence does not show that at the time of discriminating against the two employees in question or prior thereto defendant had knowledge that they were acting "for the benefit of the group," or that he could have assumed that it so appeared from the circumstances or from the situation existing in the work premises. As a result of the Board's finding, it ordered defendant to reinstate both employees and to pay them the unpaid salaries, plus interest, and to post the required notices.

The Board requests us to issue a decree enforcing the order in its entirety. Defendant contends that it should be

set aside because the activity carried out by both employees and for which they were discharged or prejudiced in their employment was a claim for salaries made by each one of them in the Department of Labor for purely personal benefit.

In support of the Board's conclusion, there is cited the case of *Salt River Val. W. User's Ass'n* v. *N.L.R.B.*, 206 F.2d 325 (9th Cir. 1953), in which a group of employees complaining of the work conditions and pay and dissatisfied with the progress of the union selected an employee of the group to circulate a petition among them, conferring upon him power to claim their wages by court action. It was held that the discharge of the employee was not proper. The question of the employer's knowledge was not raised in this case, but the evidence showed that the employer had some indicia of the activity since he knew that the employees were being molested.

■ ■ We believe that the employer's prior knowledge of the concerted activity is an indispensable ingredient for his discriminatory action against the employee to constitute an unfair labor practice. In *N.L.R.B.* v. *Office Towel Supply Co.*, 201 F.2d 838 (2d Cir. 1953), it was held that an employee's remark, which otherwise would justify a discharge, may constitute part of a concerted activity so as to make the discharge unlawful, *provided the employer knows of that context at the time of the discharge. Office Employees Int. U., supra,* footnote 12. In *International Ladies' Garment Workers U.* v. *N.L.R.B.*, 299 F.2d 114 (C.A.D.C. 1962), and in the continuation of that case in *Walls Manufacturing Co., Inc., supra,* footnote 10, there was considered the requisite of the employer's knowledge of the concerted activity, but it was concluded that the employee had advised the employer coetaneously with her discharge that she was acting in concert with others. In our opinion, the purpose of the Labor Relations Act is not to impose obligations under circumstances or situations unknown to the party affected,

nor to interfere with his right to discharge, or otherwise affect the work conditions of his employees, except as provided in the collective agreements, in the case of activities protected by §§ 4 and 8 of the Act and in other cases provided by law, as for example, in the event of discharge without just cause, the form and manner of paying the salaries, and with respect to penalties to the employer for discriminating against an employee because he has complained or has offered, or is willing to offer or give testimony in any investigation, complaint, claim, hearing or proceeding in connection with the provisions of minimum wage legislation (29 L.P.R.A. §§ 180, 171–191 and 245w). *Cf. Limardo* v. *Eastern Sugar Associates*, 84 P.R.R. 259 (1961); *Berríos* v. *Eastern Sugar Associates*, 85 P.R.R. 113 (1962). To hold an employer liable under the Labor Relations Act for discriminating against one or more of his employees for engaging in concerted activities without knowing of the activity at the time of the alleged discriminating act, nor inferring its existence from the circumstances or from the situation prevailing in the work premises, would constitute a situation so prejudicial and onerous to the employer as to prevent him from maintaining discipline and order in his business which are an indispensable part of the good management in every agricultural, business, manufacturing or service enterprise, or of some other kind. *Joanna Cotton Mills Co.* v. *N.L.R.B.*, 176 F.2d 479 (4th Cir. 1949). We therefore conclude that defendant did not engage in an unfair labor practice under the aforesaid circumstances and, therefore, that the Board erred in its decision to that effect.[13]

■ However, the Board also affirmed the finding of the Trial Examiner that in taking steps with the Department of Labor to claim from defendant compensation for extra

---

[13] For another possible liability of the employer in a case such as this, see § 18 of Act No. 379 of May 15, 1948, as amended (29 L.P.R.A. § 287).

hours and seventh days worked, *"Félix Rivera and Cesáreo Rivera engaged in a concerted activity for the protection, aid and benefit of both."* (Italics ours.) An examination of the record shows that there was sufficient evidence to sustain this finding. The joint action of two employees may constitute a concerted activity covered by the Act. *Office Employees Int. U., supra; The Ohio Oil Company, supra; Panaderia Sucesion Alonso, supra;* Scurlock, *Pre-Emption in Labor Relations, supra.* (See footnote 12.) At the time of proceeding against both employees defendant knew of the concerted activity referred to above, that is, he was informed on the facts and circumstances which actually constituted one of the concerted activities referred to in the Act. For this reason enforcement of the Board's order is warranted.

Judgment will be rendered enforcing order No. D-307 of the Labor Relations Board of January 24, 1963, in the manner copied in the Judgment.